**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| PROCOMM INTERNATIONAL PTE. LTD., | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | |
| VERIZON COMMUNICATIONS, INC., CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS, TELEFONAKTIEBOLAGET LM ERICSSON, *and* ERICSSON, INC., | § § § § § § | CASE NO. 2:24-CV-00009-RWS-RSP |
| *Defendants*. | § § | |

**MEMORANDUM ORDER**

Before the Court is Defendants' Motion to Strike Certain Expert Opinions of Mr. Justin Blok. **Dkt. No. 99**. The motion is fully briefed. *See* Dkt. Nos. 116, 125, 138. For the reasons set forth below, the Court denies the Motion.

## I.        LEGAL STANDARD

An expert witness may provide opinion testimony if "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702.

Rule 702 requires trial courts to make a preliminary determination, when requested, as to whether the requirements of the rule are satisfied regarding a particular expert's proposed testimony. *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 149 (1999); *Daubert*, 509 U.S. at 592–93 (1993). Such courts are given broad discretion in making Rule 702 admissibility determinations. *Kumho Tire*, 526 U.S. at 152 ("[A] judge must have considerable leeway in

deciding in a particular case how to go about determining whether particular expert's testimony is reliable"). Although the Fifth Circuit and other courts have identified various factors that the court may consider in determining whether an expert's testimony should be admitted, the nature of the factors that are appropriate for the court to consider is dictated by the ultimate inquiry—whether the expert's testimony is sufficiently reliable and relevant to be helpful to the finder of fact and thus to warrant admission at trial. *See United States v. Valencia*, 600 F.3d 389, 424 (5th Cir. 2010).

Importantly, in a jury trial setting, the Court's role under *Daubert* is not to weigh the expert testimony to the point of supplanting the jury's fact-finding role; instead, the Court's role is limited to that of a gatekeeper, ensuring that the evidence in dispute is at least sufficiently reliable and relevant to the issue before the jury that it is appropriate for the jury to consider. *See Micro Chem., Inc. v. Lextron, Inc.*, 317 F.3d 1387, 1391–92 (Fed. Cir. 2003) (applying Fifth Circuit law) ("When, as here, the parties' experts rely on conflicting sets of facts, it is not the role of the trial court to evaluate the correctness of facts underlying one expert's testimony."); *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 249–50 (5th Cir. 2002) ("'The trial court's role as gatekeeper [under *Daubert*] is not intended to serve as a replacement for the adversary system.' . . . Thus, while exercising its role as a gate-keeper, a trial court must take care not to transform a *Daubert* hearing into a trial on the merits" (quoting an Advisory Committee Note to Fed. R. Evid. 702)). As the Supreme Court explained, "vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *See Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002).

Despite the above, however, "even if testimony is reliable, it may still be excluded if it relies on information that violates the rules [of Civil Procedure]." *Estech Sys. IP, LLC v. Carvana LLC*, 2023 WL 3292881, at *2 (E.D. Tex. May 5, 2023).

## II.    DISCUSSION

The Court begins with the portion of Defendants' Motion asking it to strike Mr. Blok's reasonable royalty opinions as to the '521 Patent. Dkt. No. 99 at 10–13. Plaintiff has recently elected to pursue only the '813 Patent, Dkt. No. 162 at 1, and Mr. Blok separates out his damages opinions with respect to each patent. Defendants' request is therefore moot. Accordingly, the Court finds that this portion of the Motion should be and hereby is **DENIED AS MOOT**.

With respect to the '813 Patent, Defendants raise two arguments. The first argument, that Dr. Eron's opinion concerning the commercial unacceptability of his own proposed alternatives precludes the use of that alternative in the calculation of a reasonable royalty using a cost savings approach, Dkt. No. 99 at 4–9, was raised and rejected by this Court in Defendants' motion to strike certain opinions of Dr. Eron. The reasoning in the Order on that motion is adopted in full to reject Defendants' overlapping argument here.

Defendants' second argument regarding the '813 Patent involves Mr. Blok's use of the Procomm-Kaelus Settlement Agreement ("PKSA"). Dkt. No. 99 at 9–10. Mr. Blok states in a footnote that if it was used as a basis to calculate damages, then the "royalty for rights to the '813 Patent would be no less than $7.3 million." Dkt. No. 99-(1) at 78 n.287. The PKSA settled a lawsuit between Procomm and Verizon regarding an accused Kaelus filter; Kaelus agreed to pay a sum in exchange for a license to a different patent, covering the number of accused products sold. *Id.* ¶ 128–130. Mr. Blok recites that "it is Dr. Eron's opinion [that] the teachings of the '721 Patent are technologically comparable to . . . the '813 Patent; however, the benefits provided by the [latter] are significantly more valuable . . . because [it] addresses the entire integrated antenna unit for its lifetime functioning, whereas the '721 Patent is directed to a specific portion of the frequency band . . . ." *Id.* at 78 n.287. He then calculates the $7.3 million figure using the number of accused products multiplied by the per unit royalty. *Id.*

3

Defendants argue that the PKSA cannot be reliably used to calculate damages for the '813 Patent because it does not reflect built in apportionment such that it can be ported over from the '721 Patent directly to the '813 Patent. Dkt. No. 99 at 9–10. Specifically, they argue that there is not parity between the hypothetical negotiation and the license with respect to the timing, parties, and technology, and insufficient comparison is made by Plaintiff's experts to use the license for built in apportionment purposes. *Id.* at 10–13. With respect to differences in technology, Defendants argue that it is improper to compare only the patented technology, rather the accused products must also be compared. *Id.*; Dkt. No. 125 at 4 (relying on *MLC Intell. Prop., LLC v. Micron Tech., Inc.*, 10 F.4th 1358, 1374 (Fed. Cir. 2021)).

However, exact parity of timing, parties, and technology is not required for a license to be used for built in apportionment—the license is only required to be "sufficiently comparable," such that "principles of apportionment were effectively baked into the purportedly comparable license." *See Omega Patents, LLC v. CalAmp Corp.*, 13 F.4th 1361, 1377 (Fed. Cir. 2021) (citations omitted) (internal quotations omitted). Moreover, as the Federal Circuit explained in *MLC*, distinguishing from *Elbit Sys. Land & C4I Ltd. v. Hughes Network Sys., LLC*, 927 F.3d 1292 (Fed. Cir. 2019), only the "differences between the *technology* at issue in the settlement agreement and the accused *technology*" need to be accounted for by the expert. *See MLC*, 10 F.4th at 1374 (emphasis added). In MLC, the expert "provided no evidence or explanation for how the 0.25% royalty rate he derived from the . . . agreement accounts for apportionment" of the accused technology, whereas in *Elbit*, the expert "appropriately accounted for the differences." *Id.* at 1374–75. Here, having reviewed the briefing and evidence cited, the Court finds sufficient evidence regarding the PKSA that supports Mr. Blok's opinion that a specific royalty rate derived from that agreement already accounts for the apportionment. The Court therefore finds that the Motion

should be **DENIED** to the extent it seeks to exclude Mr. Blok's opinions regarding damages for

Defendants' alleged infringement of the '813 Patent.

### III.    CONCLUSION

Accordingly, for the reasons provided above, the Motion is **DENIED**.

**SIGNED this 10th day of February, 2026.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE